Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| YESH MUSIC, LLC, | Case No.: 20-cv-2872 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| KAREEM ABDUL-JABAAR and ICOMOMY LLC, | |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants KAREEM ABDUL-JABAAR and ICONOMY, LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has Infringing matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3. At bar, defendants are nondomiciliaries based in California.

4. Defendants infringed plaintiff's copyrighted composition and recording *Anything You Synthesize* (the "Copyrighted Recording"); this is a tort committed outside the state.

5. Defendants were put on notice by YouTube, and by plaintiff, that their copying, distribution, public display, and synchronization of the Copyrighted Recording was unlicensed, and the plaintiff was domiciled in this state. Defendants elected to continue to infringe after notice.

6. Defendants should have expected, or should reasonably have expected, its acts to have consequences in this state.

7. The Copyrighted Recording at issue here was used by defendants to promote their services, brands and overall companies.

8. Defendants are national brands and generate substantially all of their revenue from interstate or international commerce.

9. Defendants also regularly do or solicit business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

10. Jurisdiction is conferred over defendants pursuant to CPLR §§ 302(3)(i) and (ii).

## VENUE

11. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

12. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

13. There are no due process concerns in light of the fact that defendants committed an intentional tort that they knew had an effect in this Judicial District.

14. Defendants frequently contract with companies in this Judicial District such that they reasonably know they may be haled into this forum.

## PARTIES

15. Plaintiff YESH MUSIC, LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

16. Upon information and belief, defendant ICONOMY, LLC is a Delaware limited liability company based at 1048 Irvine Ave. #617, Newport Beach, Ca. 92660.

17. Upon information and belief, defendant KAREEM ABDUL-JABAAR is an individual and can be served process at 1048 Irvine Ave. #617, Newport Beach, Ca. 92660.

**FACTS**

18. Plaintiff is the sole beneficial owner by assignment of an original musical work titled *Anything You Synthesize* - U.S. Copyright Registration No. SR 713-287. See **Exhibit 1.**

19. Defendant ICONOMY is brand management company for various ex-NBA players including defendant KAREEM ABDUL-JABAAR.

20. Defendants caused a video to be created and posted to defendant JABAAR's YouTube page titled "Dear Retirement From Basketball by Kareem Abdul-Jabbar" (the "Infringing Advertisement").

21. Upon information and belief, defendant ICONOMY is JABAAR's agent and controls the JABAAR YouTube page for the benefit of JABAAR.

22. The Infringing Advertisement was created as a branding video for defendant JABAAR, by defendant ICONOMY (a branding company).

23. Defendants synchronized the Copyrighted Recording without license or authority to the Infringing Advertisement. Defendants then distributed and publicly displayed the Infringing Advertisement by posting it to the JABAAR YouTube page at <https://www.youtube.com/watch?v=e_g_VFBYm1c>.

24. Defendants had no authority to synchronize or use the Copyrighted Recording in any manner.

25.     Defendants were notified by the YouTube Content ID system that it had no right to synchronize the Copyrighted Recording.



26.     Defendants elected to continue to infringe.

27.     On June 24, 2020, plaintiff contacted defendants directly and notified them that there was no license. See **Exhibit 2**.

28.     Defendants offered an incoherent explanation that some third-party somehow downloaded their content, synchronized the Copyrighted Recording, and then somehow uploaded the Infringing Advertisement to the private YouTube page of defendant JABAAR. See **Exhibit 2**.

29.     This explanation is, of course, impossible.  No third-party can upload content to another party's You-Tube page.  Further, even after notification of the infringement, defendants still refused to take the Infringing Advertisement down.

30.     Plaintiff conducted scores of searches on YouTube, but the Infringing Advertisement did not appear in any of them until June 24, 2020.

31. The Infringing Advertisement was revealed after plaintiff started working with a new company to identify unlicensed uses of its copyrighted recordings on YouTube.

32. Defendants' failure to comply with the notices from YouTube and plaintiff evidences their intent to infringe.

33. Defendants knew when they synchronized the Copyrighted Recording to the Infringing Advertisement that it was unlicensed at the time. Defendants knew they were infringing plaintiff's rights when it uploaded the Infringing Advertisement.

34. Defendants did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendants' use of the Copyrighted Recording. Specifically, the Infringing Advertisement omits the Copyrighted Recording's title, album name, author, label, and copyright owner. Consequently, the Infringing Advertisement did not appear in dozens of searches conducted each year by plaintiff.

35. Defendants' removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

36. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

37. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Recording.

38. Defendants without authority from plaintiff, reproduced, publicly displayed, and/or synchronized plaintiff's Copyrighted Recording through all of the Infringing Advertisement.

39. Defendants created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

40. Defendants refused to cease and desist after multiple demands from plaintiff directly, and through YouTube.

41. Defendants' use of the Copyrighted Recording was not for criticism, comment, news reporting, teaching, scholarship, or research.

42. Defendants' use was not transformative.

43. Defendants elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Recording, using the entirety of each track, without a license.

44. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Recording as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant' profits, and plaintiff's loss, plus costs, interest, and attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000.

## INFRINGING CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

45. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

46. Section 1202 provides in part: (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner

7

or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(b).

47.     The DMCA states: "Definition.—As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

48. Plaintiff always distributes its copyrighted Recording, including the Copyrighted Recording here, with copyright management information including the title, author, label, and copyright owner.

49. Defendants could not have obtained a copy of the master recording for the Copyrighted Recording without this information.

50. Master Recording are tightly controlled by plaintiff to prevent unauthorized commercial use – like the Infringing use at issue here.

51. A master recording is an authenticated and unbroken version of a musical Recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

52. Defendants' Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Recording. This high-resolution version cannot be obtained without copyright management information being included.

53. Defendants removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Recording.

54. Defendants failed to include any information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

55. Defendants continued to publicly display the Infringing Advertisement with no attribution after YouTube informed defendant that the Copyrighted Recording belonged to plaintiff.

56. Defendants violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

57. Defendants did the forgoing with the intent to conceal the infringement.

58. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 29, 2020            **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)