# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Emily T. Chen
Direct Dial:  +1 212 556 2224
Direct Fax:  +1 212 556 2222
echen@kslaw.com

August 12, 2020

**VIA ECF**
Hon. Nicholas G. Garaufis, United States District Judge
Eastern District of New York
225 Cadman Plaza East
Room 1426 S
Brooklyn, NY 11201

> Re:  *Yesh Music, LLC v. Kareem Abdul-Jabbar and Iconomy LLC*
> **Case No. 1:20-CV-02872-NGG-VMS (E.D.N.Y.)**
> **Request for Pre-Motion Conference re Motion to Dismiss**

Dear Judge Garaufis:

We represent Defendants Kareem Abdul-Jabbar and Iconomy LLC in the above-referenced matter.  Defendants plan to respond to Yesh Music's Complaint with a motion to dismiss, which is due today.  We are writing to request a pre-motion conference for Defendants' anticipated motion to dismiss and to request that the Court extend the time required for Defendants to respond to the Complaint, pursuant to Paragraphs IV(A)(2)–(3) of Your Honor's Individual Rules, respectively.  Defendants just retained King & Spalding LLP to represent them in this case on August 10.  King & Spalding immediately reached out to Yesh Music's attorney of record, Richard Garbarini, via email and a voicemail message on that same day to inform Mr. Garbarini of the retainer and request an extension of time to respond to the Complaint.  *See* Ex. A.  King & Spalding sent two follow-up emails on August 11, but Mr. Garbarini has not responded to any of the messages.  Due to our inability to communicate with Mr. Garbarini before the response deadline, we are making this request to extend Defendants' time to respond pursuant to the Court's Individual Rules.

Yesh Music seeks to recover damages for copyright infringement that occurred when Defendants allegedly distributed a video advertisement via YouTube containing a synchronized, unlicensed version of one of Yesh Music's copyrighted recordings.  The Complaint alleges two claims: (1) that Defendants infringed Yesh Music's exclusive rights to the copyrighted recording under Section 106 of the Copyright Act, Compl. ¶¶ 37–44; and (2) that Defendants allegedly removed copyright management information ("CMI") from the recording before its distribution with the intent to conceal copyright infringement, thereby violating Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"), *id.* ¶¶ 46–58.

August 12, 2020
Page 2


Defendants plan to move to dismiss Yesh Music's claims on two grounds.  First, both the Copyright Act and DMCA claims are time-barred by the applicable three-year statute of limitations.  *See Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 33 (S.D.N.Y. 2019) ("Any civil action asserting a claim based on a Copyright Act violation must be brought within three years after the accrual of the claim."); *see also* 17 U.S.C. § 507(b).  Although the Complaint does not specify when the alleged infringement occurred, it includes a screenshot of a YouTube Content ID system's notice showing that the allegedly infringing video was distributed in 2015.  *See* Compl. ¶ 25.  The alleged act of infringement would have therefore taken place well before the three-year limitations window.  Furthermore, the Complaint makes clear that a plaintiff exercising due diligence would have been able to discover the alleged infringement when the video was apparently distributed in 2015.  The YouTube Content ID system notice showed that the video contained the copyrighted recording, and Yesh Music was able to find the infringing video "after [it] started working with a new company to identify unlicensed uses of its copyrighted recordings on YouTube."  *Id.* ¶¶ 25, 31.  For these reasons, both the Copyright Act and DMCA claims are time-barred and should be dismissed.

Second, Yesh Music failed to state a claim for removal of CMI under the DMCA.  To state a claim for removal of CMI, a plaintiff must allege: "(1) the existence of CMI . . . ; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally."  *BanxCorp. v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010).  Yesh Music has failed to adequately plead either of the first two requirements.  To plead the "existence of CMI" element, Yesh Music offers nothing more than a conclusory allegation that it "always distributes its copyrighted Recording, including the Copyrighted Recording here, with copyright management information including the title, author, label, and copyright owner."  Compl. ¶ 48.  Without additional factual support, such a conclusory allegation is insufficient to establish the "facial plausibility" that is required to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, Yesh Music has failed to adequately plead the removal element of its DMCA claim.  The screenshot of the YouTube notice in the Complaint shows that the allegedly infringing video listed the recording's title, album name, author, and licensor—meaning it did not in fact remove the CMI that Yesh Music alleges.  *See* Compl. ¶ 25. "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410 MKB RER, 2016 WL 3647687, at *5 (E.D.N.Y. July 1, 2016).  Yesh Music has not pleaded the first or second elements that are required to show liability for removal of CMI, and the DMCA claim should therefore be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

For these reasons, Defendants respectfully request that Your Honor schedule a pre-motion conference or a briefing schedule on their anticipated motion to dismiss Yesh Music's Complaint.

August 12, 2020
Page 3

Respectfully submitted,

Emily T. Chen

CC: All Counsel of Record (via CM/ECF)